# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**GARY HATFIELD AND KATHY HATFIELD,**
**Plaintiffs and Defendants Below, Petitioners**

**v.) No. 23-ICA-198** (Cir. Ct. of Wyoming Cnty. Nos. 06-C-231 and 07-C-187)

**LARRY HATFIELD, AS HEIR TO GENEVA HATFIELD,**
**Defendant Below, Respondent,**

**AND**

**HUBERT HATFIELD, DECEASED,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioners Gary and Kathy Hatfield appeal the April 21, 2023, "Order Vacating Previously Entered Order Vacating Final Order" of the Circuit Court of Wyoming County, which reinstated a "Final Order" originally entered by the court on December 19, 2012, granting Geneva Hatfield's motion for summary judgment and holding that Gary and Kathy Hatfield's claims of adverse possession were denied. Respondents Larry Hatfield, as heir to Geneva Hatfield, and Hubert Hatfield, deceased, filed a timely Joint Summary Response.[1] Gary and Kathy Hatfield filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. For these reasons, a memorandum decision vacating the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure, and this case is remanded for further proceedings consistent with this decision.

This appeal arises from a consolidated action involving two boundary dispute civil actions pending in Wyoming County Circuit Court beginning in December 2006. Hubert Hatfield filed case 06-C-231 against Gary and Kathy Hatfield, who in turn brought 07-C-

---

[1] Gary and Kathy Hatfield are represented by Mark E. Hobbs, Esq., and David R. Karr, Jr., Esq. Larry Hatfield, as heir to Geneva Hatfield, is represented by Lela Walker, Esq. Hubert Hatfield, deceased, is represented by Timothy P. Lupardus, Esq.

187 against Geneva Hatfield to quiet title to land they claimed they had been occupying since the 1970s. Protracted litigation ensued.

Relevant to this appeal, the Wyoming County Circuit Court entered a Final Order on December 19, 2012, which granted Geneva Hatfield's motion for summary judgment[2] and denied Gary and Kathy Hatfield's claims of adverse possession. On January 4, 2013, Gary and Kathy Hatfield filed a Motion to Alter or Amend Judgment and a corresponding Motion for Stay of Execution Upon Judgment on January 30, 2013. On October 25, 2013, the circuit court entered an Order Vacating Final Order, stating that its previous Final Order had erroneously relied on the deposition of expert witness Sefton Stewart because the deposition transcript was not "on file" with the Court, as contemplated by West Virginia Rule of Civil Procedure Rule 56(c), which states that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." The circuit court vacated the Final Order and directed the parties to refile their motions for summary judgment and attachments for consideration by the court.

On May 12, 2015, the court entered an Order Denying Motion on Behalf of Geneva Hatfield for Summary Judgment and Declaratory Judgment. Despite an opposite ruling, the findings of fact appear to be substantially similar to those in the December 19, 2012, Final Order that was ultimately vacated. There was little activity in the consolidated case after this date, save for an order entered November 16, 2015, canceling the depositions of Larry and Frances Hatfield, and a Notice of Deposition of expert witness Elden Green filed November 24, 2015. It appears the deposition of Mr. Green never occurred, and he died in January 2016. Gary and Kathy Hatfield filed a Motion for Ruling on the Admissibility of a Plat of Survey completed by Mr. Green, but the court denied the admission of the survey map on the basis that Mr. Green died prior to his deposition being taken. The case seems to have gone dormant after that ruling.

Finally, the court sent a letter to parties and counsel dated February 3, 2023, noting that the matter was filed on December 29, 2006, and had been inactive since September 2016. The letter further stated that, pursuant to Rule 41 of the West Virginia Rules of Civil Procedure, the court was inclined to dismiss the matter in thirty days due to no activity for more than a year unless there were objections. "Please consider this to be notice and opportunity to be heard pursuant to this rule. Please contact the Court if you would like this matter set on the docket for hearing or this matter will be dismissed." By order entered February 16, 2023, the court set the matter for "a motions hearing" at the request of one of the parties, on April 12, 2023.

---

[2] It is not clear from the Appendix Record whether or at what point in the underlying litigation Larry Hatfield may have been named as a substitute party following the death of Geneva Hatfield.

On February 20, 2023, Gary and Kathy Hatfield served a Motion to Enter a Scheduling Order "in order to bring [the case] to fruition pursuant to a letter dated February 3, 2023 authored by the Honorable Charles M. Vickers."

At the April 12, 2023, hearing, counsel for Hubert Hatfield and Larry Hatfield argued that the previously vacated Final Order should be reinstated to resolve the consolidated cases. Initially, none of the parties present could recall the reasoning for the prior order having been vacated, but the respondents blamed Gary and Kathy Hatfield for not prosecuting their case, seeking additional expert witnesses after the death of Elden Green, or proceeding to trial. After a brief recess, counsel for Hubert Hatfield argued that the Final Order had been vacated due to the deposition of expert witness Sefton Stewart not having been in the record, but that upon further research, the transcript had been filed on the record, and accordingly, that order should be reinstated. The court adjourned the hearing, reviewed the file, and determined that the deposition was made part of the court file on September 18, 2013. Accordingly, the court found that the Order Vacating the Final Order was entered in error and the Final Order entered on December 19, 2012, should be reinstated. This was memorialized in the court's April 21, 2023, Order, which is now the subject of this appeal.

Our standard of review is as follows: "A motion to vacate a judgment . . . is addressed to the sound discretion of the court, and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 2, *Old Republic Ins. Co. v. O'Neal*, 237 W. Va. 512, 788 S.E.2d 40 (2016) (citation omitted).

On appeal, Gary and Kathy Hatfield raise multiple assignments of error, including that the circuit court erred in reinstating a previous final order rife with error, that the circuit court erred in 2015 in refusing to consider Gary and Kathy Hatfield's evidence of adverse possession, and that the circuit court erred in relying upon the flawed expert witness testimony of Sefton Stewart in support of the reinstated final order. Gary and Kathy Hatfield also raise in their arguments that at the hearing on April 12, 2023, the court arbitrarily, and without prior notice, vacated an order dated October 25, 2013, and reinstated the previously vacated December 19, 2012, order, which revived issues that had not been problematic for nearly a decade.

While we are cognizant of the circuit court's interest in managing its docket, particularly in a case with a lengthy history spanning at least two judges, and a long period of dormancy, we are troubled by the procedural means it employed in this matter. First, we note that the April 2023 hearing was noticed as a "motions hearing" but there were no pending motions other than Gary and Kathy Hatfield's motion for a scheduling order. Although the court's February 2023 letter to counsel invoked the possibility of dismissal under Rule 41 for a lack of activity and counsel arguably should have been prepared to argue a good cause basis for not dismissing, it is clear that Gary and Kathy Hatfield had no

3

notice that there would be argument to reinstate the previously vacated final order or any previously rejected summary judgment motion.[3] Similarly, the April 2023 order did not rely on the lack of activity or the grounds contemplated in Rule 41(b) as the basis for disposing of the case. Second, we are doubtful that the circuit court exercised sound discretion in reinstating the 2012 order granting Geneva Hatfield's motion for summary judgment when the later entered 2015 order denying the refiled motion would appear to be the controlling order on the motion.

Finally, and critically, the order on appeal states that it applies to both of the underlying consolidated civil actions, but the 2012 Final Order it reinstates does not make any reference to the property claims of Hubert Hatfield, nor does it appear to make any ruling concerning those claims. Given that it purports to resolve both claims and orders that the consolidated matter be stricken from the docket, we conclude that the circuit court abused its discretion in vacating the 2013 order and reinstating the 2012 order. We find it necessary for the circuit court to further develop the record and enter an appropriate order with findings of fact and conclusions of law regarding whether dismissal under Rule 41 is appropriate, or whether good cause has been shown to proceed with litigation and otherwise resolve all pending claims.

Accordingly, we vacate the April 21, 2023, order, and remand for further proceedings consistent with this decision.

Vacated and Remanded.

**ISSUED:** April 22, 2024

---

[3] It appears from the hearing transcript that counsel for Gary and Kathy Hatfield requested the opportunity to brief the issue or for a delay in the court's ruling, but those requests were denied. Had the issue been briefed, there might have been an opportunity to argue that under West Virginia Rule of Civil Procedure 60(b), a party seeking relief from an order should have filed such a motion within a reasonable time, and eleven years after the entry of the order is, arguably, not reasonable. Furthermore, it appears that the deposition of Sefton Stewart had been part of the court's file before the order vacating the final order, and as such was not a valid basis for the final order to have been vacated. Evidently, this fact was not raised by respondents after the order was vacated in 2013 or in the refiled motion for summary judgment of Geneva Hatfield, which was denied on other grounds in 2015.

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear